**FROM: The District Court of the 4th Judicial District. County of Missoula.**

**STATE OF MONTANA,**

   **Plaintiff,**        **NO.12467**

  **vs.**            **DECISION**

**Daniel T. Collins,**

   **Defendant.**

On January 19, 1999, the defendant was sentenced to twenty-eight (28) years in the Montana State Prison. The sentence on Count II has expired.

On June 18, 1999, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and advised of his right to be represented by counsel. The defendant proceeded Pro Se. The state was represented by Kirsten LaCroix.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the majority decision of the Sentence Review Division that the sentence shall be amended to twenty-eight (28) years in the Montana State Prison, with eighteen (18) years suspended. Conditions of parole eligibility are that the defendant complete the drug and alcohol program at the Montana State Prison, continue with his mental health counseling, and be in a relapse prevention program once released on the suspended sentence.

The reasons for the modification are: 1) the defendant did not commit a new offense for which he was violated; 2) the defendant was violated for an alcohol problem which he openly admits and has been

struggling with; 3) the defendant was in the community for a significant period of time before the revocation, without committing new offenses; 4) the defendant had a good job, was supporting his family, and paying restitution; and 5) the defendant's probation officer had a lot of good things to say about the defendant.

Done in open Court this 18th day of June, 1999.

DATED this 15th day of July, 1999.

**Chairman, Hon. Richard G. Phillips and Member,
Hon. Marge Johnson**

The Honorable Jeffrey Langton dissents.

It is Judge Langton's opinion that the sentence should remain the same, as it is not clearly excessive.

**Member, Hon. Jeffrey H. Langton**